BIRNBERG & ASSOCIATES
CORY A. BIRNBERG (SBN 105468)
1083 Mission St. , Third Floor
San Francisco, California 94103
Telephone Number: (415) 398-1040
Facsimile Number: (415) 398-2001

Attorneys for Plaintiff
TONITA DOSS

FLYNN, DELICH & WISE LLP
JAMES B. NEBEL (SBN 69626)
JEANINE STEELE TEDE (SBN 177731)
One California Street, Suite 350
San Francisco, CA 94111
Telephone: (415) 693-5566
Facsimile: (415) 693-0410

Attorneys for Defendant
HYUNDAI MERCHANT MARINE CO. LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONITA DOSS,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>TRANSOCEAN SHIPMANAGEMENT GMBA; ET AL.,<br>　　　　Defendants. | Case No. 06-07072-JL<br><br>JOINT CASE MANAGEMENT CONFERENCE STATEMENT<br><br>Date: November 11, 2008<br>Time: 10:30 a.m.<br>Place: Ctrm. F, 15th Floor |

BIRNBERG & ASSOCIATES
703 MARKET STREET
SUITE 600
SAN FRANCISCO
CA, 94103
TEL (415) 398-1040
FAX (415) 398-2001

JOINT CASE MANAGEMENT CONFERENCE STATEMENT　　1　　　　　　　　　　06-07072-JL

1. <u>Jurisdiction and Service</u>: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

    Plaintiffs pleaded jurisdiction pursuant to 33 USC sec. 905(b) and the general maritime law. The parties see no issues with personal jurisdiction or venue, and do not anticipate joining any other parties.

2. <u>Facts</u>: A brief chronology of the facts and a statement of the principal factual issues in dispute.

    Plaintiff alleges personal injuries on or about January 12, 2006 while working as a longshoreman aboard the M/V Sanaga which was docked in the Port of San Francisco, at Pier 80. Plaintiff alleges that the break-bulk cargo of pipes was improperly loaded and/or stowed because it lacked dunnage, or pre slinging and making it unreasonably dangerous for longshoreman to unload. Plaintiff alleges that she was injured when dunnage which was added to enable discharge broke and struck her in the face, breaking her jaw, cheekbone and teeth.

    The principal disputed factual issues are:

    A. How plaintiff's alleged injury occurred;

    B. Whether the area where the plaintiff was injured was an area over which defendant Hyundai Merchant Marine Co. Ltd. ("HMM" or ("Hyundai")) exercised control;

    C. Whether the ship and its equipment were in a dangerous condition when turned the vessel over to the stevedore for cargo operations,

BIRNBERG & ASSOCIATES
703 MARKET STREET
SUITE 600
SAN FRANCISCO
CA, 94103
TEL (415) 398-1040
FAX (415) 398-2001

including the stow plan for the hold in which plaintiff was injured and the stowage as it existed at the time of discharge;

D.  Whether HMM owed a duty and failed to act reasonably to provide a reasonably safe workplace;

E.  Whether the plaintiff acted reasonably to avoid the accident or reduce damages;

F.  Whether the negligence of any other party caused or contributed to the alleged accident;

G.  Whether HMM breached its duty of reasonable care under the circumstances; and

H.  The nature and extent of plaintiff's injuries and other damages resulting from the alleged accident.

3.  <u>Legal Issues</u>: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

HMM submits that the issues in this case are governed by the Longshore Harbor Workers Compensation Act, 33 U.S.C. sec. 905(b), which provides a statutory negligence action for workers covered by the LHWCA against a vessel, particularly as interpreted by *Scindia Steam Navigation v. De Los Santos,* 451 U.S. 156, 165 (1981) and *Howlett v. Birkdale Shipping Co., S.A.*, 512 U.S. 92, 98 (1994). In *Scindia,* the Supreme Court defined the scope of the duties that shipowners owe to longshoremen. The first – known as the "turnover duty" - relates to the condition of the ship upon the commencement of stevedore operations. *Howlett v. Birkdale Shipping Co., S.A.*, 512 U.S. 92, 98 (1994), *citing Scindia*, 451 U.S. at 167. The second duty becomes applicable once stevedore operations have begun and provides

BIRNBERG & ASSOCIATES
703 MARKET STREET
SUITE 600
SAN FRANCISCO
CA, 94103
TEL (415) 398-1040
FAX (415) 398-2001

that a shipowner must exercise reasonable care to prevent injuries to workers in the areas that remain under the "active control of the vessel." *Id*. The third duty – known as the "duty to intervene"- obligates vessel personnel to take corrective action when the independent contractor is acting obviously "improvidently." *Id*.

Plaintiff agrees to the foregoing as a simplified reference to an interpretation of the duties of a shipowner owing to the longshoreman while aboard ship. Plaintiff also further contends that the ISM code and supplements/runs in conjunction with or supercedes 33 U.S.C. § 905(b). The 1974 International Convention for the Safety of Life at Sea ["SOLAS"] sets out standards for the construction of ships, fire safety measures, life-saving appliances, the carriage of navigational equipment, the carriage of goods, special rules for nuclear ships and high speed craft, ship management, and ship safety. Thomas J. Schoenbaum D., 2007, *Admiralty and Maritime Law* (4ed.) § 2-27 Marine safety. SOLAS has the force of law in U.S. courts. *In re Damodar Bulk Carriers*, 903 F.2d 675, 1990 AMC 1544 (9th Cir.1990).

On November 4, 1993, the International Maritime Organization adopted the International Management Code for the Safe Operation of Ships and for Pollution Prevention ["ISM Code"] as Chapter IX of SOLAS. The ISM Code was implemented by 33 Code of Federal Regulations sections 96.100-495 pursuant to 46 United States Code chapter 32. Because the ISM Code has been adopted as part of SOLAS, it is compulsory pursuant to *In re Damodar Bulk Carriers. Id.* The ISM Code requires every shipping company to adopt a Safety Management System to ensure compliance with mandatory safety rules and regulations including rules designed ensure safe operation of ships and protection of the environment.

BIRNBERG & ASSOCIATES
703 MARKET STREET
SUITE 600
SAN FRANCISCO
CA, 94103
TEL (415) 398-1040
FAX (415) 398-2001

The ISM Code was designed, *inter alia*, to provide an international standard for the safe operation and management of vessels. ISM Code, preamble, paragraph 1. To that end, sections 10.1-10.4 state:

"10.1    The Company should establish procedures to ensure that the ship is maintained in conformity with the provisions of the relevant rules and regulations and with any additional requirements which may be established by the Company.

**10.2    In meeting these requirements the Company should ensure that:
(1)    inspections are held at appropriate intervals;**
(2)     any non-conformity is reported, with its possible cause, if known;
(3)    appropriate corrective action is taken; and
(4)    records of these activities are maintained.

**10.3    The Company should establish procedures in its safety management system to identify equipment and technical systems the sudden operational failure of which may result in hazardous situations.** The safety management system should provide for specific measures aimed at promoting the reliability of such equipment or systems. These measures should include the regular testing of stand-by arrangements and equipment or technical systems that are not in continuous use.

10.4    The inspections mentioned in 10.2 as well as the measures referred to in 10.3 should be integrated into the ship's operational maintenance routine."

(emphasis added).

HMM and/or the ship owner failed to have an appropriate safety plan for the load of the cargo in compliance with the ISM code.

The principal disputed legal issues are:

A.    Whether the stow plan and/or stowage was negligent as alleged;

B.    Whether the duties of a vessel owner under *Scindia* extend to areas of the vessel that are not under the control or supervision of HMM and if so;

BIRNBERG &
ASSOCIATES
703 MARKET STREET
SUITE 600
SAN FRANCISCO
CA, 94103
TEL (415) 398-1040
FAX (415) 398-2001

C. Whether the vessel was turned over in such a condition that a reasonably competent stevedore company could safely carry out its duties;
   1. Whether the ship's officers and crew should have known about the alleged unsafe condition;
   2. Whether the ship's officers and crew supervised longshore activities;
   3. Whether the allegedly dangerous condition was a "latent" condition;
D. Defendant's liability for plaintiff's alleged accident;
E. Whether the alleged negligence of the vessel was the legal cause of plaintiff's injuries and damages, if any;
F. Whether the plaintiff was contributorily negligent;
G. Whether the negligence of a third party caused or contributed to the accident alleged by the plaintiff; and
H. The comparative fault of others for plaintiff's alleged accident;
I. Whether HMM violated the ISM code in failing to provide a safe place for Plaintiff to work.
J. Whether and to the extent the ISM code applies to a time charterer such as HMM.

4. <u>Motions</u>: All prior and pending motions, their current status, and any anticipated motions.

   None prior or pending. Hyundai anticipates filing a motion for summary judgment on the issue of the turnover duty once the shipowner interests have re-entered the case and further discovery is completed.

BIRNBERG & ASSOCIATES
703 MARKET STREET
SUITE 600
SAN FRANCISCO
CA, 94103
TEL (415) 398-1040
FAX (415) 398-2001

5. <u>Amendment of Pleadings</u>: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

    Plaintiff has given notice to the shipowner interests that he will be bringing them back into the case based upon the fact that the Time Charter provides that compliance with the ISM code, *supra*, is the obligation of the ship owner.

6. <u>Evidence Preservation</u>: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

    Both Plaintiff and HMM have produced copies of all relevant documents in its possession, custody or control.

7. <u>Disclosures</u>: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

    HMM served its initial disclosures on November 16, 2007 and has continued to update such disclosures.

    Plaintiff served her documents supporting her initial disclosures on December 19, 2007 and her initial disclosures on December 20, 2007.

8. <u>Discovery</u>: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

BIRNBERG & ASSOCIATES
703 MARKET STREET
SUITE 600
SAN FRANCISCO
CA, 94103
TEL (415) 398-1040
FAX (415) 398-2001

The first session of the plaintiff's deposition has been completed. Depositions of the longshore work gang, comprised seven individuals, have been taken. The deposition of Hyundai's cargo surveyor has been taken. Written discovery has commenced.

Hyundai anticipates that the following discovery may be necessary: written discovery of plaintiff's claims and injuries and medical records; plaintiff's deposition, second session; deposition of plaintiff's stevedore-employer; IME(s) of plaintiff; depositions of vessel's crew, if possible (the crew are not HMM's employees, are not U.S. residents and their seafaring occupation often makes locating crew difficult and time-consuming); depositions of treating physician(s); depositions of experts.

9. <u>Class Actions</u>: If a class action, a proposal for how and when the class will be certified.

    n/a

10. <u>Related Cases</u>: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

    n/a

11. <u>Relief</u>: All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

BIRNBERG & ASSOCIATES
703 MARKET STREET
SUITE 600
SAN FRANCISCO
CA, 94103
TEL (415) 398-1040
FAX (415) 398-2001

Plaintiff seeks general and special damages as a result of her alleged personal injuries.

12. <u>Settlement and ADR</u>: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

No settlement or ADR efforts have been made to date. Both Plaintiff and HMM agree to mediation.

13. <u>Consent to Magistrate Judge For All Purposes</u>: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

Both Plaintiff and HMM so consent.

14. <u>Other References</u>: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

No.

15. <u>Narrowing of Issues</u>: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

Hyundai anticipates filing a motion for summary judgment on the issue of the turnover duty once discovery has been completed.

BIRNBERG & ASSOCIATES
703 MARKET STREET
SUITE 600
SAN FRANCISCO
CA, 94103
TEL (415) 398-1040
FAX (415) 398-2001

JOINT CASE MANAGEMENT CONFERENCE STATEMENT   9   06-07072-JL

16. <u>Expedited Schedule</u>: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

    No.

17. <u>Scheduling</u>: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

    Per the FRCP.

18. <u>Trial</u>: Whether the case will be tried to a jury or to the court and the expected length of the trial.

    Plaintiff has demanded a jury trial. HMM expects the trial to last 7-10 days. HMM and Plaintiff requests a trial date in September, 2009.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. **In addition**, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

BIRNBERG & ASSOCIATES
703 MARKET STREET
SUITE 600
SAN FRANCISCO
CA, 94103
TEL (415) 398-1040
FAX (415) 398-2001

JOINT CASE MANAGEMENT CONFERENCE STATEMENT    10    06-07072-JL

1  HMM filed its Disclosure of Non-Party Interested Entities or Persons with its
2  Answer on October 11, 2007 and restates the contents herein:

**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**
**(Civil L.R. 3-16(c))**

Pursuant to Civil L.R. 3-16(c), the undersigned certifies that the following listed persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

1. Hyundai Merchant Marine Co. Ltd.;
2. The Britannia Steam Ship Insurance Association Limited.

20. Other Unresolved Issues (service of process, personal/subject matter jurisdiction, venue)

Lungi Shipping claims it is not responsible for the loading and offloading of the vessel including the cargo stow based upon its time charter with HMM. Lungi further contends it is not responsible based upon *Spence v. Mariehamns R/S And Firma Gustav Erikson*, 766 F.2D 1504, 1986 A.M.C. 685, and *Nichimen Company, Inc v. M/V McFarland*, 462 F.2d 319, 1972 A.M.C. 1573. The parties expect to be able to determine through discovery whether Lungi or John Essberger needs to be brought in as either a third party defendant or defendant.

**SIGNATURE AND CERTIFICATION BY PARTIES AND LEAD TRIAL COUNSEL**

Pursuant to Civil L.R. 16-12, each of the undersigned certifies that he or she has read the brochure entitled, "Dispute Resolution Procedures in the Northern District of California," discussed the available resolution options provided by the court and private entities and has considered whether this case might benefit from any of the available dispute resolution options.

**F.R.C.P. RULE 26(f) REPORT**

The parties have conferred according to Rule 26(f) and the agreed upon plan is outlined above.

BIRNBERG & ASSOCIATES
703 MARKET STREET
SUITE 600
SAN FRANCISCO
CA, 94103
TEL (415) 398-1040
FAX (415) 398-2001

JOINT CASE MANAGEMENT CONFERENCE STATEMENT    11    06-07072-JL

**E-Filing Certificate**

The signatory below who is e-filing this document hereby attests that she has obtained the concurrence in the filing of this document of each signatory listed below.

Request for Continauce

The parties herein agree that this case conference should be continued for 60 days to allow the shipowner to appear, discovery delivered to them, and allow them to review the file.

Dated: October 31, 2008                FLYNN, DELICH & WISE LLP


By_____/s/_____
       Jeanine Steele Tede
Attorneys for Defendant
HYUNDAI MERCHANT MARINE CO. LTD.

Dated: October 31, 2008

BIRNBERG & ASSOCIATES


By: __/s/ Cory Birnberg_____
       Cory Birnberg
       Attorneys for Plaintiff

The Case Management Conference is hereby continued to March 18, 2009 at 10:30 a.m. Parties are to file updated case management statements a week prior to the conference.

January 13, 2009

IT IS SO ORDERED

Judge James Larson

BIRNBERG & ASSOCIATES
703 MARKET STREET
SUITE 600
SAN FRANCISCO
CA, 94103
TEL (415) 398-1040
FAX (415) 398-2001

JOINT CASE MANAGEMENT CONFERENCE STATEMENT    12    06-07072-JL