UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TONITA DOSS,    No. C 06-7072 JL

    Plaintiff,

    v.    **ORDER**

TRANSOCEAN SHIPMANAGEMENT GMBH,

    Defendants.
_____/

    The Court received the parties' Joint Statement re Discovery Dispute, e-filed at Docket # 57. The Court finds this matter appropriate for decision without oral argument under Civil Local Rule 7-1(b). The Court accepts the parties' representation that counsel met and conferred by letter and in person to attempt to resolve their dispute without judicial intervention, as required by Civil Local Rule 37 and Rule 37, Federal Rules of Civil Procedure.

    This is a maritime personal injury case involving a longshoreman injured while working in a hatch with two other longshoremen. The gravamen of the parties' dispute is whether certain discovery is relevant in this case, specifically Interrogatories, Requests for Admissions and Requests for Production of Documents which implicate the International Management Code for the Safe Operation of Ships and for Pollution Prevention ("ISM Code").

Plaintiff contends that the ISM code and supplements runs in conjunction with or supersedes 33 U.S.C. § 905(b). Plaintiff cites case law for the proposition that the ISM code is applicable to third parties such as Plaintiff, for safety, and that Defendant was required by law to perform a risk assessment and establish a safety management system. Plaintiff argues that Defendant's compliance with this code is relevant to the parties' claims or defenses and therefore discoverable under Rule 26(b)(1), Federal Rules of Civil Procedure.

Defendant disagrees, and asserts the proposition that "none of the requirements of the ISM Code have any application to the facts of this case." According to Defendant, "Judge Haight, probably the most experienced maritime judge in the country" has ruled in another case that a violation of that regulation could not be the basis for a negligence per se finding. Defendant further argues that under applicable case law the ISM code does not change the general duty standard of ship owners to workers such as Plaintiff.

Rule 26 permits a party to obtain responses and documents which are "reasonably calculated to lead to the discovery of admissible evidence." Defendant's compliance with safety regulations certainly appears reasonably calculated to lead to the discovery of admissible evidence regarding liability for Plaintiff's injury. Whether those regulations establish a duty of care by Defendant toward Plaintiff is a question for summary judgment, not a discovery dispute. Defendant is seeking a summary judgment ruling under the guise of resisting discovery. Until this Court has decided whether or not the ISM code creates a duty by Defendant to Plaintiff in this case, discovery on this issue is still open.

Defendant shall respond to Plaintiff's discovery requests in a timely manner as provided by the applicable Rules.

IT IS SO ORDERED.

DATED: March 4, 2010

_____
James Larson
U.S. Magistrate Judge

G:\JLALL\CASES\CIVIL\06-7072\Order re 57.wpd